UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-20139-CIV-JORDAN-TORRES

LISA POE,

    Plaintiff,

vs.

CARNIVAL CORPORATION,
a foreign corporation,

    Defendant.
_____/

### ORDER ON DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S EXPERT WITNESSES

This matter is before the Court upon Defendant's Motion to Strike Plaintiff's Expert Witnesses Joyce Eastridge, Gerri Pennachio, and Dr. Ronald Zollo, PhD [D.E. 30]; Defendant's Supplemental Memorandum of Law Supporting its Motion to Strike [D.E. 35]; and Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Strike [D.E. 36]. Plaintiff has already agreed to withdraw Joyce Eastridge and Gerri Pennachio as expert witnesses. *See* Plaintiff's Memo in Opp'n to Mot. to Strike [D.E. 36] at 1, n.1. The pending motion, therefore, relates only to the one expert at issue, Dr. Ronald Zollo. Upon careful consideration of the parties' arguments and the record, the Court denies without prejudice Defendant's motion to strike Dr. Zollo as an expert witness at trial. Alternatively, the Court orders Plaintiff to make Dr. Zollo available for deposition immediately, so that his deposition will be concluded by the close of business on Wednesday, January 24, 2007. Dr. Zollo's testimony at trial will be strictly limited to that testimony provided during the upcoming deposition. Should Dr. Zollo fail to appear

for deposition as required herein, or fail to provide any substantive testimony during that deposition, the Court will then entertain a renewed motion by Defendant to strike his testimony at trial.

### I. BACKGROUND

This is an admiralty case in which Plaintiff alleges she was injured aboard Defendant's vessel when the guard rail on the top bunk bed in Plaintiff's cabin failed during the night as Plaintiff slept, causing her to fall out of bed and onto the floor and injure her back. Defendant contends in relevant part that the accident could not have occurred the way Plaintiff claims, and that she injured herself from a misstep on the bunk bed's ladder or that she failed to put the guard rail in place before falling asleep.

At issue is Plaintiff's admittedly untimely identification of its sole liability expert, Dr. Zollo, whom Plaintiff expects to "testify as to the liability of the defendant and, in particular, their failure to maintain the bunk rail on the vessel." *See* Plaintiff's Memo in Opp'n, Ex. B at 1, ¶ 1. Plaintiff has not yet provided a summary or report of this expert's opinions to Defendant, in violation of Fed. R. Civ. P. 26(a)(2), Local Rule 16.1.K, and the pretrial scheduling order entered in this case on March 22, 2006 [D.E. 9]. Accordingly, Defendant is moving to strike Dr. Zollo as an expert for Plaintiff or, alternatively, is seeking a continuance of trial to give Defendant additional time to prepare.

The pretrial scheduling order established (1) September 5, 2006, as the date by which the parties were required to exchange expert witness summaries and reports required by Local rule 16.1.K; (2) November 6, 2006, as the date by which all discovery, including expert discovery, was to be completed; and (3) trial during the two-week trial calendar beginning on February 19, 2007. [D.E. 9 at 1].

Plaintiff served her Initial Expert Witness List on defense counsel on October 6, 2006.[1] The list identified one liability expert: "Gary Maddox, Address to be provided, liability expert." *See* Plaintiff's Memo in Opp'n, Ex. A at 1, ¶ 1. The list was served one month late (October 6th instead of September 5th), but Defendant did not move to strike or otherwise move to preclude this expert's testimony at trial. Plaintiff asserts, and Defendant has not offered any evidence to the contrary, that Defendant made no attempt to depose Mr. Maddox. Presumably, Plaintiff also failed to provide a report or summary of Mr. Maddox's opinions, but again, Defendant did not seek any relief from the Court regarding this omission, at least in the form of a motion to compel the report.

One month later, on November 7, 2006, Plaintiff served an amended expert witness list on Defendant which replaced Mr. Maddox and substituted Dr. Zollo as Plaintiff's liability expert. *See* Plaintiff's Memo in Opp'n, Ex. B at 1, ¶ 1. Plaintiff offered the following "explanation" as to why she elected to change liability experts: "upon further investigation of Plaintiff's only liability expert, Mr. Maddox, it was determined that Mr. Maddox would not be suitable as an expert in this case so Plaintiff [amended its expert witness list] to replace Mr. Maddox with Dr. Zollo. . . ." *Id.* at 1.

Even though Plaintiff did not obtain the agreement of opposing counsel nor seek leave of court prior to amending her expert witness list, Defendant again did not seek immediate relief from the Court. Instead, Defendant subpoenaed the newly-identified expert witness' report. After it became apparent that Dr. Zollo was unable to supply opinions or reports, *see* Defendant's Mot. to Strike, Composite Ex. C, and therefore a deposition of this expert would be futile, on December 18, 2006, Defendant filed the

---

[1] Significantly, Defendant has not disputed that it received a copy of the original expert witness list.

pending motion to strike Dr. Zollo based on his untimely disclosure and on Plaintiff's failure to provide his expert report.

Defendant argues now that Plaintiff has not offered any reason for the delay in identifying Dr. Zollo, and that it will suffer prejudice and be unduly burdened by having to depose this individual so close to trial. Defendant further states it did not retain its own liability expert in reliance on Plaintiff's "disclosure." *See* Defendant's Mot. Strike at 7, ¶ 19.

Plaintiff disputes Defendant's claim of prejudice. Plaintiff points out that Defendant did not subpoena or even ask to schedule the deposition of any of Plaintiff's experts until after the appropriate scheduling deadlines had expired. While acknowledging that Dr. Zollo's disclosure was untimely, Plaintiff states that Dr. Zollo merely replaced Mr. Maddox who had been identified as Plaintiff's liability expert in the original expert witness list served in October. Plaintiff also notes that Defendant has not shown that Plaintiff was acting in bad faith when it changed liability experts.

As for the failure to provide Dr. Zollo's expert report, Plaintiff asserts that the delay stems directly from Defendant's failure to produce for deposition crew members who had knowledge of the accident at issue in this case. Reviewing testimony from these crew members, Plaintiff states, is essential so Dr. Zollo can formulate his expert opinions. Plaintiff asserts that her counsel first asked in a letter dated May 31, 2006, for dates on which to depose crew members. More letter and email requests followed several months later, in November and December 2006.

Finally, Plaintiff contends that Defendant has waived its right to object to Dr. Zollo's addition as an expert because no objection was made within thirty (30) days of

service of the amended expert list. Because Plaintiff claims an absence of any bad faith, and because Dr. Zollo is Plaintiff's sole liability expert, Plaintiff argues that the interests of justice outweigh strict adherence to the deadlines set forth in the scheduling order.

## II. ANALYSIS

As a preliminary matter, the Court notes that both parties have been very lax in following the Court's scheduling orders and the applicable rules of civil procedure in this case. Plaintiff failed to comply with Judge Jordan's scheduling order which required the exchange of expert witness summaries and reports by September 5, 2006. Plaintiff merely identified her liability witness on October 6th, without providing the requisite summary or report. The unilateral amendment of her expert witness list, without the agreement of opposing counsel or without obtaining leave of court, was a clear violation of that order as well. And Plaintiff continues to be in violation of the scheduling order, as well as Fed. R. Civ. P. 26(a)(2) and Local Rule 16.1.K, because she *still* has not provided Defendant with Dr. Zollo's report. Plaintiff's argument that her liability expert could not prepare his expert report because Defendant did not produce its crew members is simply not persuasive. If Defendant has been recalcitrant in producing witnesses, Plaintiff should have moved to compel their depositions long ago, and certainly well before expiration of the discovery deadline on November 6th.

At the same time, Defendant was even more complacent, if that is possible. Defendant failed to timely object when Plaintiff served her original expert witness list a month late. Defendant also failed to timely object when she amended that list a month later, without agreement of counsel or leave of court. Motions to strike or exclude Mr. Maddox and Dr. Zollo based on an untimely disclosures would have been appropriate, and even though the experts may not have been stricken at that early date an order

compelling Plaintiff to produce her expert for deposition and provide her expert report would have been forthcoming well before trial.

To be fair, Defendant could have been taking a practical approach and trusted that reasonable communications with Plaintiff's counsel would have resolved the issues without court intervention. Defendant did attempt to secure documents from Dr. Zollo, and ultimately to depose him, without court intervention. That approach initially appears commendable. But it was still incumbent on Defendant to preserve the ability to object, should such informal methods prove fruitless, by making the appropriate motion or motions as contemplated by the rules far sooner than it did. Dr. Zollo was identified on November 7th, yet Defendant waited nearly six weeks before filing the pending motion to strike (on December 18th). With a trial date of mid-February looming on the horizon, if the prejudice to Defendant were really as severe as asserted, Defendant should have moved more quickly to seek court intervention with regard to Dr. Zollo's expert opinion. In short, Defendant's delay and failure to take appropriate action at the appropriate time constitutes a clear waiver of the right to object to Plaintiff's late disclosure of Dr. Zollo.

Under these circumstances, the Court finds that striking the sole liability witness for Plaintiff is too severe a sanction for Dr. Zollo's untimely disclosure. *See, e.g., Quinn v. Consolidated Freightways Corp. of Del.,* 283 F.3d 572, 576-77 (3rd Cir. 2002) (citing the wide discretion trial courts have in determining appropriate sanctions for discovery violations and on the admissibility of evidence at trial; "[T]he exclusion of critical evidence is an 'extreme' sanction, not normally to be imposed absent a showing of willful deception of 'flagrant disregard' of a court order by the proponent of the evidence."). Dr. Zollo was merely replacing a previously-identified liability expert, and there is no

evidence of bad faith on Plaintiff's part in substituting experts. In fact, although Defendant had notice by October 6th that Plaintiff would be calling *some expert* to testify on liability issues, it never sought to depose Mr. Maddox or to compel production of his expert report, nor did it retain its own liability expert. Defendant's position, then, has not materially changed because of Dr. Zollo's late disclosure. And, again, even if it had, Defendant waived an objection to the timeliness of Dr. Zollo's disclosure as an expert by not raising the issue on a more timely basis.

On the other hand, Plaintiff is still in default of the Court's scheduling order and rules by not having Dr. Zollo ready to testify in the case. Dr. Zollo apparently has not yet formulated his opinions and has not prepared his expert report. Defendant has not waived the right to seek relief from this situation, at least not entirely. The Court must, therefore, fashion a remedy that takes into consideration both parties' laxity, violations of the rules of procedure and court order, and the fundamental interests of justice. Accordingly, the motion to strike Dr. Zollo is denied, without prejudice. The Court Orders, however, that Plaintiff make Dr. Zollo available for deposition by the Wednesday, January 24, 2007. Dr. Zollo's trial testimony shall be limited to that provided during the deposition. Because the deadline for providing expert reports has passed, as has the deadline for compelling the depositions of Defendant's crew members, Dr. Zollo must testify at deposition based on whatever information he has on that date. If Dr. Zollo fails to appear for deposition by January 24, or fails to testify substantively at the deposition with whatever opinions he intends to provide at trial, the Court will entertain a renewed motion to strike his testimony.

This solution does not reward Defendant for moving too slowly to protect its interests and enforce the rules, while at the same time it does provide Defendant with the opportunity to adequately prepare for trial. In the end, Plaintiff may ultimately not benefit from this second chance because, as she argues here, Plaintiff is missing discovery that the expert requires. If that is true, the blame for that will rest squarely on the Plaintiff for also waiving her rights in this case by not timely seeking to compel discovery before the discovery cutoff.[2]

### III. CONCLUSION

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED**:

1. Defendant's Motion to Strike Plaintiff's Expert Witnesses Joyce Eastridge, Gerri Pennachio, and Dr. Ronald Zollo, PhD [D.E. 30] is **DENIED WITHOUT PREJUDICE,** as set forth above.

2. Plaintiff is **ORDERED** to produce Dr. Zollo for his deposition immediately so that Defendant may take his deposition in time to prepare for trial. Plaintiff shall make Dr. Zollo available by Wednesday, January 24, 2007.

**DONE AND ORDERED** in Chambers at Miami, Florida this 15th day of January, 2007.

EDWIN G. TORRES
United States Magistrate Judge

---

[2] We note here that Defendant filed a response in opposition to Plaintiff's "Motion to Compel Carnival Corp.'s Response to Discovery," which apparently deals with Interrogatory No. 24 propounded on Defendant. [D.E. 34]. While Plaintiff may have served this motion on Defendant, it was never *filed* with the Court. Therefore, issues raised in an unfiled motion are not properly before the Court for consideration, and no ruling on the motion will be forthcoming. To the extent Plaintiff seeks to file such a motion now, the motion will be denied as untimely under S.D. Fla. Local R. 26.1.H.