**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 06-20139-CIV-JORDAN-TORRES

LISA POE,

      Plaintiff,

vs.

CARNIVAL CORPORATION,
a foreign corporation,

      Defendant.

_____/

## ORDER DENYING MOTION TO SHORTEN TIME OR TO COMPEL

This matter is before the Court upon Defendant's Motion to Shorten Time for Plaintiff to Respond to Request for Produce or in the Alternative Motion to Compel Production [D.E. 45] filed on this date. Upon reviewing the motion and record in the case, and finding that there is no necessity for a response, it is hereby **ORDERED AND ADJUDGED** as follows:

    1.      Defendant's Motion [D.E. 45] is **DENIED** in its entirety.

    2.      The Court's scheduling order that governs this case set a fact and expert discovery cutoff for November 6, 2006 [D.E. 9]. Prior to the expiration of the discovery period, Defendant apparently noticed and scheduled an independent medical examination of the Plaintiff, which was conducted on October 24, 2006 by Defendant's medical expert, Dr. Jerry Sher. During the course of that examination, Plaintiff apparently videotaped the session for her own benefit. Defendant apparently did not demand a copy of that videotape at the conclusion of the examination, nor did it identify the videotape in a request for production served prior to the end of the discovery period. Needless to say,

Defendant also did not file a motion to compel such videotape prior to the close of the discovery period.

3.      In the present motion, however, Defendant is arguing that Plaintiff should now produce that videotape to Defendant in preparation for trial that is scheduled to commence on or about February 19, 2007.  Defendant served a request for production on or about January 15, 2007, for which the pending motion requests that the time period for responding be shortened.  Defendant's informal request for production of the videotape was rejected by the Plaintiff's counsel, who cited a work product privilege as the basis for his objection.   The pending motion thus also seeks an order compelling Plaintiff to produce the videotape and overruling Plaintiff's work product objection.

4.      As factual support for its motion, Defendant also argues that the videotape is necessary to rebut some dispute that Plaintiff may be raising as to the length of time that the examination consumed, which issue arose during questioning of Defendant's expert, Dr. Sher, during a deposition conducted on January 12, 2007.

5.      Whatever the reasons why the videotape at issue was never requested in discovery well before now, the fact remains that the videotape was not requested prior to the discovery cutoff and the pending motion was not filed prior to that date either. Instead, the present motion, which seeks to obtain new discovery less than four weeks prior to the scheduled trial, would require the Court to compel production of items known by all parties to exist as of October 24, 2006, some three months ago.

6.      Under the Court's Rules, all discovery must be served well in advance of the discovery cutoff in order to allow all responding parties to do so by that date.  S.D. Fla. Local R. Gen. App. A (Discovery Practices Handbook) § I - E - (1) ("each Judge follows the rule that the completion date means that all discovery must be completed by that date [the discovery deadline]").   Accordingly, any notices for deposition or requests for

production should have been served well in advance of the November 6th discovery cutoff to allow discovery to be completed by that date.  And, naturally, that also means that any motions to compel should have been filed by that date in order to be deemed timely.  The record reveals that the request for production at issue here was never served in the case prior to the discovery cutoff and, more importantly, the pending motion to compel was not filed by that date.  Accordingly, the discovery that Defendant now seeks is untimely and has been waived.

7.      Certainly, the Court's practice rules also provide that counsel "may, by agreement, conduct discovery after the formal completion date but should not rely upon the Court to resolve discovery disputes arising after the discovery completion date."  *Id.* Having failed to request the videotape prior to the November 6th cutoff date, the Defendant was not precluded from reaching an agreement with Plaintiff to obtain the videotape thereafter.  But as there has been no such agreement here, the Court should not and will not intervene.

8.      Accordingly, based upon the untimeliness of the discovery now being requested in the pending motion, and based upon the District Judge's Order setting a November 6, 2006, discovery cutoff in this case, the Court will not shorten the time for Plaintiff to respond to any further discovery nor compel Plaintiff to produce the videotape in question long *after* the close of the discovery period in the case.

9.      Furthermore, to the extent the Defendant did in fact request production of the evidence at issue here prior to the discovery cutoff, the pending motion is even more untimely under S.D. Fla. Local R. 26.1.H.  Under this Rule, all motions related to discovery, including motions to compel, must be filed within thirty (30) days of the occurrence of the grounds for the motion.  Local Rule 26.1.H also specifies that failure to timely file the motion, absent a showing of reasonable cause, may constitute a waiver of

the relief sought.  This Rule was designed to prompt early resolution of discovery disputes and "to ensure that discovery motions are filed when ripe and not held until shortly before the close discovery or the eve of trial."  1998 Comments, S.D. Fla. L.R. 26.1.

10.     The pending motion, to the extent it is raising the production of a videotape that was in fact requested prior to the cutoff, is also procedurally defective under this Rule at this late stage of the case.

11.     In short, Defendant's pending motion would have the Court ignore its scheduling deadlines due to Defendant's inaction, which the Court will not do.  *See, e.g., Agostino Ferrari, S.p.A. v. Antonacci,* 858 F. Supp. 478, 481 (E.D. Pa. 1994) ("While reopening discovery may arguably lessen the prejudice, the concomitant lengthening of the litigation would be injurious to the public interest in the 'just, speedy, and inexpensive determination' of this action.  Fed.R.Civ.P. 1.  Essential to such a resolution is the adherence to firm, early deadlines for discovery and trial. . . . To once again mobilize the discovery mechanism in this case, without good cause being shown, would render these deadlines, both in this case and in future cases, pointless.").  A district court has broad discretion to enforce its scheduling deadlines in order to manage its cases and its docket.  *E.g., Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1366 (11th Cir. 1997); *Chrysler Int'l Corp. v. Chemaly,* 280 F.3d 1358, 1360 (11th Cir. 2002) ("Given the caseload of most district courts and the fact that cases can sometimes stretch out over years, district courts must have discretion and authority to ensure that their cases move to a reasonably timely and orderly conclusion.").

12.     Finally, on the merits of the Defendant's request it should be noted that the essential information in question – the length of the examination – is a fact that is already in Defendant's possession.  It is Defendant's expert, after all, who conducted the examination and he can certainly testify as to the length and content of the examination.

Furthermore, this Order is not intended to prejudge any issue that may be raised properly at trial as to production or admissibility of the videotape under the Rules of Evidence. The Court notes, for instance, that Plaintiff did not identify the videotape in its trial exhibit list.   Therefore, Defendant may certainly raise whatever objection it believes appropriate at trial as to the use or admissibility, or even production, of the videotape, if necessary.  *See, e.g.,* Fed. R. Evid. 612.  As a discovery matter prior to trial, however, the pending motion is procedurally barred.  Accordingly, Plaintiffs' motion is Denied in its entirety.

      **DONE AND ORDERED** in Chambers at Miami, Florida, this 23rd day of January, 2007.

                        EDWIN G. TORRES
                        United States Magistrate Judge